Case 1:25-cr-00341-AHA   Document 1

Case: 1:25-mj-00229
Assigned To: Judge Faruqui, Zia M.
Assign. Date: 9/22/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On September 21, 2025, at approximately 11:50 pm, in front of 247 Anacostia Avenue, NE, Washington, D.C. Metropolitan Police Officers (MPD) were patrolling in full MPD uniform operating an unmarked scout car while working a Making D.C. Safe and Beautiful joint operation with the Drug Enforcement Agency (DEA) and the Federal Bureau of Investigation (FBI). While on patrol, law enforcement officials saw a white 2012 Acura MDX, VA registration TCG5025, with a tinted tag cover obstructing the tag. The vehicle was parked in front of 247 Anacostia Avenue, Washington, D.C. and had its headlights on and illuminated. The vehicle had heavily tinted windows and it did not have a front VA registration tag affixed to the front of the vehicle.

Law enforcement shined a flashlight at the front windshield of the vehicle and saw a single occupant, later identified as GERALD RASHAD EZELL (known hereafter as Defendant Ezell), located in the front passenger seat. As your affiant approached Defendant Ezell and the vehicle, I observed Defendant Ezell make a furtive movement near his waistband area and then extend his arms towards the vehicle's floorboard in a hasty manner consistent with someone tossing an item to the floor. Your affiant also observed Defendant Ezell make a furtive movement to his left, towards the center console area, in a manner that is consistent with a person smushing an item down. After your affiant saw Defendant Ezell try to hide or conceal something, Defendant Ezell exited the front passenger side door and locked the vehicle.

As another MPD officer spoke with Defendant Ezell, your affiant walked around the front hood of the vehicle, shined my flashlight through the front windshield window and right front passenger side window, and saw a black firearm in plain view, lying on the passenger side floorboard. Upon seeing the firearm in plain view, your affiant immediately voiced the lookout for

1

a firearm.



**Figure 1: Firearm in plain view.**

Defendant Ezell was detained and the key that he used to lock the vehicle was used by another MPD officer to unlock the vehicle. Once the vehicle was opened, another MPD officer put on clean latex gloves and recovered the firearm and the magazine capacity feeding device that was near it.

The recovered firearm was a black 9mm Glock 19 Cal. (SN: BBWU150) with a laser attached to the frame of the firearm. The firearm had a 9mm round of ammunition loaded into the chamber. Near the firearm was a 31-round magazine that was loaded with 27 rounds of 9mm ammunition. The firearm appeared to be fully functional, capable of expelling a projectile by the means of an explosive action, had a barrel less than 12 inches, and the ability to be used by a single hand.

A search of the vehicle also revealed a clear bag with 6.5 grams (including packaging) of a white rock and white powdery substance consistent with crack cocaine in the center cup holder of the vehicle. A field-test of the substance tested positive for cocaine base. In addition, MPD also located two clear bags with multiple unused .5- gram plastic containers and a black scale that had a white powdery residue consistent with cocaine. During a search incident to arrest, Defendant Ezell was found to be in possession of $97 in multiple denominations.

Defendant Ezell was transported to the 1st District for processing. A query was conducted with a Criminal Research Specialist to ascertain if Defendant Ezell had any firearms registered to him within the District of Columbia or if Defendant Ezell had a valid license to carry a pistol within the District of Columbia. The records check revealed that Defendant Ezell did not have a D.C. Gun Registry entry for active firearm registrations, nor did Defendant Ezell possess a valid license to carry a pistol within the District of Columbia. A WALES/NCIC check was conducted on the firearm, and it was not registered.

A criminal history check revealed that Defendant Ezell was convicted of Assault with a Dangerous Weapon, Second-Degree Burglary, and Carrying a Pistol Without a License on May 14, 2010, in D.C. Superior Court case 2010 CF3 003292. On that date, the defendant was sentenced to a concurrent sentence of 36 months' incarceration. The criminal history check also revealed that Defendant Ezell was convicted of Possession with Intent to Distribute a Controlled Substance (Marijuana) and Unlawful Possession of a Firearm (Prior Conviction) on April 18, 2014, in D.C. Superior Court case 2014 CF2 000763. On that date, the defendant was sentenced to a concurrent sentence of 36 months' incarceration. Finally, the criminal history check revealed that Defendant Ezell was convicted of Unlawful Possession of a Firearm (Prior Conviction Greater than One Year) and Destruction of Property of $1,000 or More on June 24, 2019, in in D.C. Superior Court case

2019 CF3 003751. On that date, the defendant was sentenced to 12 months and one day incarceration, of which 12 months was mandatory. As such, on the date of his arrest in the instant case, Defendant Ezell was aware that he had been previously convicted of a crime that was punishable by more than a year. This conviction also made Defendant Ezell ineligible to have a concealed pistol carry permit in the District of Columbia.

There are no firearms or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

Based on the facts contained in this affidavit, there is probable cause to believe that on or about September 21, 2025, in the District of Columbia, the defendant, GERALD RASHAD EZELL, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

_____
OFFICER THOMAS SCHEMMEL
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 22nd day of September 2025.*

_____
THE HONORABLE ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE